## Fraternal Benefit Society Certificates

MARGIOTTI, Attorney General, May 22, 1935. — You have requested our opinion relative to the power and authority of a fraternal benefit society, organized and existing under and in pursuance of the provisions of the Act of May 20, 1921, P. L. 916, to issue to members benefit certificates providing for the payment of benefits, which mature for payment to the members at not under 60 years of age, in single cash payments or in instalments, which certificates are called endowment certificates.

Our attention is called to Fraternal Benefit Societies' Endowment Certificates, 10 D. & C. 589, our formal opinion dated February 28, 1928, addressed to one of your predecessors, the Honorable Matthew H. Taggart. That opinion had to do with the power and authority of a fraternal benefit society to issue to its members benefit certificates in the nature of 20-year endowment certificates. The conclusion reached was as follows:

"You are, therefore, advised that, in our opinion, the

classes of benefit certificates which a fraternal benefit society organized and existing under the above Act of May 20, 1921, is authorized to issue are restricted to those classes enumerated in section 8 of the act; that the classes enumerated do not include endowment insurance; and that, therefore, such fraternal benefit society has no authority or power to issue a twenty-year endowment benefit certificate."

The pertinent sections of the Act of May 20, 1921, P. L. 916, are sections 5 and 8, which read as follows:

"Section 5. Every such society shall provide for the payment of death benefits, and may provide for the erection of monuments to mark the graves of its deceased members. It may also provide for the payment of old age benefits which mature for payment to the member at not under sixty years of age, and for permanent and temporary disability payments. It may provide that a member, when permanently disabled or upon attaining not less than sixty years of age, shall have the option to surrender his certificate upon payment of all or such portion of its face value as may be authorized under the constitution and laws.

"Any society may provide for the acceptance of liens against benefit certificates, with interest at not less than four per centum per annum, in lieu of cash payments, but the total of such liens against any benefit certificate shall not exceed its share of the accumulation thereunder. Any such society collecting a level rate of contribution, under any of its benefit certificates, based upon any table of mortality allowed for valuation purposes in this act, may grant to members holding such certificates extended and paid up protection or such withdrawal equities as may be allowed under its constitution and laws, but no such grants or privileges shall exceed in value the portion of the accumulations to the credit of such certificate at the time such grant or privilege is allowed."

"Section 8. Every such society shall have power to issue whole life, old age, or whole life combined with old age,

limited payment life, term, sick, or relief and dependent benefit certificates, and make the specified benefit payment in a single cash payment or in instalments or a term or life annuity. Every such certificate shall specify the amount of benefit furnished thereunder, and shall provide that the certificate, the charter or articles of incorporation, or, if a voluntary association, the articles of association, the constitution, and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the obligation of the society."

Section 8 enumerates the classes of benefit certificates which a fraternal benefit society has power to issue. The intent of the section is to confer power to issue certificates which provide certain benefits and impose certain obligations. The societies do not have power to issue certificates conferring benefits that are not within the terms of the act.

Section 5 provides generally that such societies shall provide for the payment of death benefits. The provision for the payment of such benefits is to be made by issuing the benefit certificates described in section 8. Provision may be made for the payment of old age benefits which mature for payment to the member at not less than 60 years of age. The important stipulations have to do with the character and extent of benefits conferred. The name or description identifying the particular types of benefit certificates is not important.

A certificate which provides death benefits and which also provides for the payment of benefits which mature for payment to the member at not under 60 years of age, whether payable in a single cash payment or in instalments, or a term or life annuity, is authorized by the act, regardless of the particular name that may be used by the society in designating or identifying the certificates providing these benefits. It is our opinion that if the benefits conferred by the benefit certificate issued are authorized by the act referred to, it is lawful for the

society to issue them, although the type of certificate is called an endowment. The policy is not technically an endowment policy. It is an old age benefit certificate such as is authorized under the act. The use of the name "endowment" to designate policies such as this should be discouraged, because it is not accurate and may be misleading.

In arriving at this conclusion, we are aware of the fact that this department has heretofore advised one of your predecessors, Honorable Matthew H. Taggart, by formal opinion, that the classes of insurance enumerated in section 8 of the Act of May 20, 1921, P. L. 916, do not include endowment insurance. At that time we were asked to advise your department as to the power and authority of a fraternal benefit society organized and existing under and in pursuance of the provisions of the Act of May 20, 1921, P. L. 916, to issue to its members benefit certificates in the nature of 20-year endowment certificates. Twenty-year endowment certificates were the particular type of benefit certificates under consideration. We, therefore, limited our consideration to that particular class of insurance. It must be assumed, therefore, that the term "endowment" as used in our opinion, referred to this particular type of endowment certificate and not to all contracts of endowment insurance.

You are, therefore, advised that, in our opinion, a fraternal benefit society organized and existing under and in pursuance of the provisions of the Act of May 20, 1921, P. L. 916, has power and authority to issue to a member a benefit certificate providing for the payment of benefits, which mature for payment to the member at not under 60 years of age, in single payment or in instalments, which certificates are called endowment certificates.